UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG D. STEWART,

    Plaintiff,

v.

VAQUERAX LABORATORIES, et al.,

    Defendants.

No. C06-1661P

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

    Plaintiff Craig D. Stewart has filed a complaint against Vaquerax Laboratories. Plaintiff is representing himself and has been granted leave to proceed in forma pauperis (without pre-payment of Court fees). The Court, having reviewed Plaintiff's complaint, finds and ORDERS as follows:

    (1)    Plaintiff's complaint was submitted on a form the Court provides for self-represented parties to use in filing complaints under 42 U.S.C. § 1983. Plaintiff states his claim as follows:

> On or about 11-1-06 I Craig D. Stewart received an unsolicited sexually oriented advertisement by mail from Vaquerax Laboratories. This Advertisement was highly offensive by making such quotes as "right at the penetration of this hard rod I am subjugated by the emanation of Vaquerax and I let in to my unchained animal instincts." The letter also consists of other various offensive quotes that to me being a Christian Man is unacceptable. Upon opening the Mail I received from Vaquerax I was challenged to the point of emotional anguish [due] to the content of the enclosed letter. This disturbing emotional difficulty has caused a form of dysfunction in my everyday performance. I have no knowledge of how Vaquerax Laboratories received my personal information which causes a great concern.

Plaintiff states that he seeks monetary damages of $100,000 and asks for Vaquerax Laboratories "to be ordered only to send such advertisement to wanted consumers."

ORDER - 1

1    (2)    Federal law provides that this Court must dismiss a case if the action fails to state a
2  claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). Here, Plaintiff's complaint does
3  not state a claim under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 is a federal statute that
4  prohibits persons acting under color of state law from depriving a person of his or her rights under the
5  United States Constitution or federal law. "To sustain an action under section 1983, a plaintiff must
6  show (1) that the conduct complained of was committed by a person acting under color of state law;
7  and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v.
8  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff's complaint does not satisfy these
9  requirements. First, there is no allegation that Vaquerax Laboratories (which appears from the
10  complaint to be a private company based in New York) was acting under color of state law when it
11  sent Plaintiff an advertisement. Second, there is no allegation that Vaquerax Laboratories deprived
12  plaintiff of any specific right under the United States Constitution or federal law.

13    (3)    Plaintiff's complaint could conceivably be read as alleging a Washington state-law
14  claim for the tort of outrage. Under Washington law, a claim for outrage has three elements: (1)
15  extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3)
16  actual result to the plaintiff of severe emotional distress. Brower v. Ackerley, 88 Wn. App. 87, 98
17  (1997). Only conduct that is "so outrageous in character, and so extreme in degree, as to go beyond
18  all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized
19  community" supports an outrage claim. Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). "[T]he
20  trial court must make an initial determination as to whether the conduct may reasonably be regarded as
21  so 'extreme and 'outrageous' as to warrant a factual determination by the jury." Jackson v. Peoples
22  Fed. Credit Union, 25 Wn. App. 81, 84 (1979). Here, while the advertisement described by Plaintiff
23  may be regarded as offensive, Defendant's alleged conduct cannot reasonably be regarded as being so
24  extreme and outrageous to support a claim of outrage under Washington state law.
25

ORDER - 2

(4) Because Plaintiff's complaint does not state a claim on which relief may be granted, the Court must DISMISS his complaint pursuant to 28 U.S.C. § 1915(e)(2). If Plaintiff believes that he can amend his complaint to state a valid claim against Defendant, he must file an amended complaint within **30 (thirty) days** of the date of this Order. Any amended complaint must carry the same case number as this one and will operate as a complete substitute for any previously filed complaint. If Plaintiff does not file an amended complaint within 30 days of the date of this order, this case will be dismissed without prejudice.

(5) Finally, Plaintiff is advised that he may ask the U.S. Postal Service to take certain steps to protect him in the future from receiving sexually oriented advertisements through the mail. Under 39 U.S.C. § 3008, an individual may ask the Postal Service to issue a "prohibitory order" against a mailer who sends the individual an advertisement offering to sell any matter that the individual, in his own discretion, believes to be "erotically arousing or sexually provocative." In addition, 39 U.S.C. § 3010 authorizes the Postal Service to maintain a list of persons who do not wish to receive sexually oriented advertisements through the mail and prohibits mailers from sending sexually oriented advertisements to persons on that list. According to materials published on the Postal Service's website, there is a form available at local post offices that Postal Service customers may use to request a prohibitory order and/or to request that their names and addresses be added to the list of persons who do not wish to receive sexually oriented advertisements through the mail.

(6) The Clerk is directed to send copies of this order to Plaintiff

Dated: January 16, 2007.

s/Marsha J. Pechman  
Marsha J. Pechman  
United States District Judge

ORDER - 3